Hough, J.
In the consideration of this case it is important to first note that the action of the common pleas court in suspending the judgment was one taken at the same term in which the original judgment was rendered, and was not the vacation or modification of a judgment under Section 11631 and the following sections of Chapter 6, Division 4, Title IV, Part Third, General Code, entitled “Other relief after judgment.”
The relief mentioned in this chapter applies only to judgments entered at a former term. The lfegis *122 lature has provided a method of procedure for the vacation of a judgment after the term at which it was entered, and has enumerated the grounds under which that relief may be sought, but has failed to provide for relief upon the same subject during the term; excepting, of course, the remedy provided for a new trial after verdict or decision and before judgment.
In this absence of legislative enactment the common-law rule must apply, for it would be a strange anomaly indeed that a court given the power to vacate its judgment after the term should have no power to vacate a judgment within or at the same term.
Examination of the authorities discloses the fact that at common law a court of general jurisdiction is endowed with the power to control its own orders and judgments during the term at which they are rendered, and the power to vacate or mod-1 ify them is in the exercise of a sound discretion; and this is an inherent power, in no way regulated or abridged by statute. This principle was early announced in the case of Huntington & McIntyre v. Finch & Co., 3 Ohio St., 445, and the doctrine is approved in later cases of this court, notably Knox Co. Bank of Mt. Vernon v. Doty, 9 Ohio St., 505; Niles v. Parks, 49 Ohio St., 370; Huber Mfg. Co. v. Sweny, 57 Ohio St., 169; Weber v. State, 58 Ohio St., 616, and in others.
There appears to be no limitation or restriction to. the rule except that the power must be exercised with a sound discretion — limited only to cases in which there is an abuse of discretion. It *123 follows, therefore, that the court, in the instant case, had the power to suspend the judgment upon any ground enumerated in Section 11631, General Code, or for any other reason within the exercise of a sound discretion.
We find that in cases of this character the lower courts have followed a practice of holding that the procedure laid down in Chapter 6, supra, is the proper procedure to be followed upon an application to vacate or suspend a judgment made at the same term in which the judgment was rendered; and, further, that in some jurisdictions a rule of court exists making it necessary as a matter of practice to follow the procedure outlined in Chapter 6 in seeking to vacate or suspend a judgment, where the application is made at the same term in which the judgment was rendered.
We think this is a wholesome rule in furtherance of good practice, especially in reference to judgments taken on cognovit instruments and by confession. But we are constrained to hold that in the face of such a rule the court may not be limited or concluded to the grounds enumerated in Section 11631, General Code; and, in the absence of such a rule of court, the court may not be limited or concluded by the method of procedure outlined in Chapter 6.
We therefore hold that the court had control over this judgment during the term at which it was entered, and had the power to suspend it without reference to the method of procedure outlined in Chapter 6.
*124 The judgment of the court of appeals and common pleas court is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Wanamaker and Robinson, JJ., concur.